In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-884V
**(not to be published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| KELSEY REED, | * | Filed: September 23, 2019 |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Dismissal; Lack of Expert |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Daniel Henry Pfeifer*, Pfeifer, Morgan & Stesiak, IN for Petitioner.

*Jeffrey R. Sprague*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE[1]

On June 21, 2018, Kelsey Reed filed a petition in the National Vaccine Injury Compensation Program.[2] (ECF No. 1). Petitioner alleged that the influenza vaccine she received on November 9, 2016, caused her to develop transverse myelitis. *Id.* at 1.

On November 6, 2016, Respondent filed his Rule 4(c) Report, stating his view that compensation was not appropriate in this case. (ECF No. 14) at 6–7. Specifically, Respondent argued that Petitioner had not shown complications from the vaccine lasting more than six months after receiving it; thus, Petitioner had not satisfied Section 300aa-11(c)(1)(D). *See id.* The same

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

day, Respondent filed a motion to dismiss the case for the same reasons discussed in his Rule 4(c) Report. (ECF No. 15). In response, Petitioner filed additional medical records, (ECF No. 17), and responded to the Motion to Dismiss. (ECF No. 20). Reacting, Respondent withdrew his Motion to Dismiss but stated that he still wanted to defend the case. (ECF No. 22).

Next, after a status conference on February 28, 2019, Petitioner was directed to file her Expert Report on or before May 31, 2019. Over the next several months Petitioner filed three motions to extend the deadline for filing her Expert Report. (ECF Nos. 24, 25, & 27). After the second motion, I noted that Petitioner will have had over five months to file an Expert Report, and therefore no further extensions of time would be granted. After the third motion, I directed Petitioner to file her overdue Expert Report or request dismissal of her claim. *See* (ECF No. 27) (deadline of September 13, 2019).

On September 12, 2019, Petitioner filed a Motion to Dismiss her Petition. (ECF No. 29). Therein, Petitioner explained that she had sought an expert opinion regarding her case but was unable to obtain one. *See id.* Petitioner also alluded that her inability to obtain an expert opinion caused her to file the Motion. *See id.*

To receive compensation under the Vaccine Program, a petitioner must prove either: (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of his vaccinations; or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 300aa-13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's injuries were caused by the vaccine received.

Special masters may require such evidence "as may be reasonable or necessary." § 300aa-12(d)(3)(B)(ii). In addition, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. *See* § 300aa-13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof, and she has not offered an expert opinion supporting her claim. Therefore, Petitioner's claim cannot succeed and must be dismissed. *See* § 300aa-11(c)(1)(A).

**Petitioner's Motion to Dismiss is therefore GRANTED. The Clerk shall enter judgment accordingly.[3]**

      **IT IS SO ORDERED.**

                                                 /s/ Brian H. Corcoran
                                                 Brian H. Corcoran
                                                 Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite judgment by filing a joint notice renouncing their right to seek review.